FLYNN v. BOGLARSKY.

LIBEL AND SLANDER—ACTIONS—HUSBAND AND WIFE.

Testimony tending to prove the truth of an alleged libel charging plaintiff and his wife with disorderly conduct, was not admissible where the proof related only to acts of the wife, with which the plaintiff husband was in no wise concerned, and which occurred during his absence from home.

Error to Wayne; Van Zile, J. Submitted November 13, 1913. (Docket No. 38.) Decided December 20, 1913.

Case by William Flynn against George Boglarsky and others for libel. Judgment for plaintiff for nominal damages. Plaintiff brings error. Reversed.

*McHugh, Gallagher, O'Neil & McGann,* for appellant.

*James H. Pound,* for appellees.

OSTRANDER, J. The alleged libelous article was:

"To the Honorable Judge of the Police Court:

"We, the undersigned, do hereby request that Mr. and Mrs. Wm. Flynn, now residing at 241 Russell street, upstairs, be requested to move from said premises, and vacate entirely the immediate neighborhood of 241 Russell street, insomuch as making their residence there. The grounds for our petition is due to the obnoxious manner the said parties conduct themselves in the forced relations with their immediate neighbors, as disturbers of the peace, quarrelsome, and a general nuisance to the peaceful citizens about them. * * * "

See 164 Mich. 513 (129 N. W. 674, 32 L. R. A. [N. S.] 740. Defendants gave notice that they would

prove, among other things, that the paper writing told but the truth. Upon a second trial of the cause, plaintiff had verdict and judgment for 12 cents. His motion for a new trial was denied, and he complains in this court that the trial court erroneously admitted testimony of the misconduct of his wife occurring during his absence, and without evidence that he acquiesced in or had knowledge of it.

As plaintiff, under his pleading, can recover only for damages suffered by himself for what was written and published about himself—does not seek to recover his damages for what was written and published of and concerning his wife (see *Kovacs* v. *Mayoras*, 175 Mich. 582 [141 N. W. 662])—it is clear that the issue does not involve the truth, or falsity, of what was written and published concerning his wife. It may be difficult, but it is not impossible, as the record before us proves, to eliminate testimony of certain conduct of plaintiff's wife during his absence from home, with which conduct he is in no manner connected. It is unfortunate that the cause must go down for a new trial, but we are convinced that in law plaintiff's allegations of error are well founded.

The judgment is reversed, and a new trial granted.

Steere, C. J., and McAlvay, Brooke, Kuhn, Stone, and Bird, JJ., concurred. Moore, J., did not sit.